# Supreme Court Decisions.

## MANNER OF SUBMITTING CONSTITUTIONAL AMENDMENTS.

THE STATE OF OHIO, EX REL SHEETS, ATTORNEY-GENERAL V.
LAYLIN, SECRETARY OF STATE.

69 Ohio State—Decided, October 6, 1903.

*Act Providing for Manner of Submission of Constitutional Amendments
—Longworth Ballot Act—Passed May 2, 1902—Is a Valid Act—Con-
stitutional Law.*

The act of the General Assembly entitled "An act to provide for the
manner of submission of constitutional amendments and other
questions to a vote of the people," passed May 2, 1902 (95 O. L.,
352), is a valid act.

In quo warranto.

The relator sets forth in his petition that by certain joint
resolutions passed by the General Assembly of the State of
Ohio, it was agreed to submit to the electors of the state of
Ohio on the first Tuesday after the first Monday of Novem-
ber, 1903, certain propositions to amend the Constitution
of the state of Ohio, which propositions are described in
the petition. It is also alleged that under the act of the
General Assembly, passed May 2, 1902, entitled "An act
to provide for the manner of submission of constitutional
amendments and other questions to a vote of the people"
(95 O. L., 352), the Republican and Democratic parties
of the state of Ohio, in convention assembled, took action
in favor of the adoption of certain of such constitutional
amendments, and also against the adoption of certain
other constitutional amendments, and certified their ac-
tion to the secretary of state in the manner provided for

certifying nominations for state offices; and that the defendant, as secretary of state, pursuant to said act, is preparing, and is about to print such action of said parties so certified to him upon the official ballot for use at the election to be held on the first Tuesday after the first Monday of November, A. D. 1903, as a part of the party ticket of each of said parties; and in all other respects in the preparation of such ballot and the placing of such constitutional amendments thereon, is complying with the requirements of the said act of May 2, 1902; and the relator alleges that the exercise by the defendant of any of the franchises, privileges, rights or powers sought to be conferred by said act is in contravention of the Constitution of the state of Ohio, and prays that he be compelled to answer by what warrant or rights he claims to act in the preparation or arrangement of such ballot in the form aforesaid, and by what warrant or right he is about to have printed upon such ballot the action in favor of or against the adoption of such constitutional amendments by the parties aforesaid, and that upon the hearing hereof he be ousted from the rights, franchises and privileges so claimed. The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action.

*John M. Sheets,* Attorney-General, *George B. Okey, R. M. Ditty,* and *W. A. Taylor,* for relator.

*Charles Kinney* and *Wade H. Ellis,* for the respondent.

DAVIS, J.; BURKET, C. J., SPEAR, PRICE and CREW, JJ., concur.

In the Constitution of this state there is no limitation upon the legislative power to provide by general laws the manner of submitting to a vote of the people a proposed amendment to the Constitution, except that where there is more than one amendment to be submitted they shall be so submitted that the elector shall be enabled to vote separately on each. This does not mean that each amendment must be upon a separate ballot or be depos-

ited in a separate ballot box, nor that each or all of the proposed amendments may not be voted for on ballots on which are the names of candidates for office who are voted for by the elector. It merely requires that the elector shall be "enabled" to record his vote upon each amendment separately if he so desires, that is, that he may vote for one or more and against one or more at the same time if he chooses so to do. If being so enabled he chooses not to vote at all upon any or all of the amendments such failure to vote necessarily operates as a negative vote, because amendments to the Constitution must be adopted by a majority of all the votes cast at the election. It was not the design or intention of the Constitution to put a premium on ignorance or indifferentism at the same time that it is the duty of every citizen to inform himself and to vote upon every matter submitted to a vote of the people. Out of the proposition that a Constitution adopted by the people can be amended only by a majority of the people, it naturally follows that of all the people voting at an election when an amendment to the Constitution is submitted, only those should be counted for the amendment who expressly so vote, and this is the whole scope of Article XVI, Section 1, of the Constitution of Ohio.

The act of the General Assembly entitled "An act to provide for the manner of submission of constitutional amendments and other questions to a vote of the people," passed May 2, 1902 (95 O. L., 352), enables the elector to vote with or against his party, on each or all of the amendments, or to vote separately upon each and every proposed amendment, or to not vote at all if he so desires. So far as we have been able to discover the act is not in any respect in conflict with the Constitution, and not irreconcilably in conflict with the joint resolutions adopted by the General Assembly submitting propositions to amend the Constitution.

*Demurrer to petition sustained and petition dismissed.*